UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

| | |
|---|---|
| Fay Ruggles, : | |
| individually and on behalf of : | Case No. |
| all others similarly situated, as a collective : | |
| and class representative, : | |
| : | **CLASS AND COLLECTIVE ACTION** |
| Plaintiff, : | **COMPLAINT** |
| : | |
| v. : | |
| : | |
| EmblemHealth Services, LLC, : | |
| : | |
| Defendant. : | |

# PRELIMINARY STATEMENT

1. This is a collective and class action brought by individual and representative Plaintiff Fay Ruggles ("Plaintiff"), on behalf of herself and all others similarly situated (the "putative FLSA Collective"), and on behalf of the members of the putative New York Rule 23 Class, to recover overtime pay from her employer, EmblemHealth Services, LLC ("EmblemHealth" or "Defendant").

2. Plaintiff brings this action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Plaintiff's claim is asserted as a state-wide collective action under the FLSA, 29 U.S.C. § 216(b).

4. Plaintiff also brings claims to recover unpaid wages under New York Labor Law, Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations (together, "NYLL"). Plaintiff brings these state law claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. The putative "FLSA Collective" is made up of all persons who are or have been employed by Defendant in New York as Care Managers - Utilization Management ("Care Managers"), Utilization Management Nurses, Utilization Review Nurses, or other similar positions who were paid a salary and treated as exempt from overtime laws, and whose primary job was to perform medical necessity reviews during the applicable statutory period.

6. The putative "New York Rule 23 Class" is made up of all persons who are or have been employed by Defendant in the state of New York as Care Managers - Utilization Management ("Care Managers"), Utilization Management Nurses, Utilization Review Nurses, or other similar positions who were paid a salary and treated as exempt from overtime laws, and whose primary job was to perform medical necessity reviews during the applicable statutory period.

7. As a result of Defendant's willful and illegal pay practices, Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class, were deprived of overtime compensation for their hours worked in violation of federal and New York state law.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

9. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

10. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## **PARTIES**

11. Defendant EmblemHealth Services, LLC ("EmblemHealth" or "Defendant") is a domestic limited liability company with its principal place of business located at 55 Water Street, New York, New York, 10041.

12. EmblemHealth operates office locations in the United States, including offices in located in New York and Connecticut.

13. Plaintiff's paystubs list EmblemHealth and its principal place of business address as her employer.

14. EmblemHealth is a multi-line health insurance company that provides managed care programs and related services, including utilization review services.

15. According to its website, EmblemHealth is one of America's largest not-for-profit health insurers, offering a range of commercial and government-sponsored health plans to employers, individuals, and families. It serves over three million members throughout New York and Connecticut.

16. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. EmblemHealth operates in interstate commerce by, among other things, offering and selling a wide array of products and services, including but not limited to, Medicare and Medicaid health plans, individual, family, small and large group plans, state-sponsored programs, pharmacy and prescription drug products, dental, vision services and products, and Telemedicine, to customers and consumers.

18. Upon information and belief, EmblemHealth's gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

19. Plaintiff Fay Ruggles is an adult resident of Columbia County, New York.

20. Defendant employed Plaintiff as a "Care Manager" from approximately September 2022 to February 2025. Plaintiff worked remotely from her home in Hudson, New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

21. At all times relevant herein, EmblemHealth operated a willful scheme to deprive Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class of overtime compensation.

22. Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class work or worked as Care Managers, Utilization Management Nurses, Utilization Review Nurses, or other similar positions, paid by salary, and were primarily responsible for conducting utilization reviews (aka "medical necessity" reviews).

23. In conducting medical necessity reviews, the primary duty of Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class consists of reviewing medical authorization requests submitted by healthcare providers against pre-determined medical necessity guidelines and criteria for insurance coverage and payment purposes.

24. Reviewers do not provide patient care or patient education, perform "head-to-toe" nursing assessments or make nursing diagnoses; do not provide medical treatment, or medical advice; do not provide any nursing care to prevent illnesses or diseases; do not supervise or teach others who provide nursing care; do not administer medications to patients or insurance members; or otherwise act in a nursing capacity.

25. Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class did not perform the duties of an exempt executive, administrative, or professional employee, as defined in 29 U.S.C. § 213(a)(1).

26. Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class provided the utilization review services that Defendant agreed to provide to its customers.

27. Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class did not have a role in running or managing Defendant's operations.

28. Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class were not primarily responsible for directing the work of other employees or hiring and firing them.

29. Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class conducted first-level medical necessity reviews rather than reviews of denials at the appeal level.

30. Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class apply industry standard and/or Defendant's medical necessity criteria within a prescribed utilization review process to determine whether criteria is met or not met.

31. New York State Law has specific statutes governing utilization review. N.Y. Ins. Law § 4900 *et seq.* Under New York state law, a Registered Nurse (RN) license is not a standard prerequisite for being a utilization review agent. While RNs are also qualified for and hired for utilization review jobs, a RN license is not necessary to satisfy the minimum job requirements.

32. Defendant has employed licensed practical nurses (LPNs) and RNs whose primary duty is to conduct medical necessity reviews.

33. Plaintiff worked on a team with utilization reviewers with LPN licenses.

34. Plaintiff worked alongside LPNs who worked in the same job position, performing the same and/or similar work as Plaintiff.

35. The reviewers on Plaintiff's team with LPN licenses were assigned the same types of medical necessity reviews and used the same criteria as reviewers with RN licenses.

36. Like RNs, Defendant's utilization review process permitted LPNs to independently authorize insurance coverage for authorization requests for services or benefits that met guidelines and criteria.

37. Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class are or were paid a salary with no overtime pay.

38. Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class are or were treated as exempt from overtime laws, including the FLSA and NYLL.

39. Defendant suffered and permitted Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class to work more than forty (40) hours per week without overtime pay.

40. For example, during the same workweek, between January 6 and January 10, 2025, Plaintiff estimates that she worked approximately 47 hours and did not receive overtime pay for her overtime hours.

41. Defendant has been aware, or should have been aware, that Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class performed non-exempt work that required payment of overtime compensation. Defendant also required Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class to work long hours, including overtime hours, to complete all of their job responsibilities and meet Defendant's productivity standards.

42. Defendant knew that Plaintiff, the putative FLSA Collective, and the putative New York Rule 23 Class worked unpaid overtime hours because Plaintiff complained to Defendant about her long hours and workload. Specifically, Plaintiff expressed her concerns about not being

paid overtime to a coworker designated as an "employee ambassador," who relayed the concerns to Defendant. Plaintiff understands that Defendant's response was that because Plaintiff was salaried, she was not entitled to overtime pay.

43. Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff the putative FLSA Collective, and the putative New York Rule 23 Class.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

45. Plaintiff brings Count I individually and on behalf of the putative FLSA Collective.

46. Plaintiff files this action on behalf of herself and all other similarly situated individuals.  The putative FLSA Collective is defined as follows:

> All persons who worked as Care Managers, Utilization Management Nurses, Utilization Review Nurses, or other similar positions who were paid a salary and treated as exempt from overtime laws, paid by salary, and were primarily responsible for performing medical necessity reviews for Defendant at any time since three years prior to the filing of this Complaint through judgment.

47. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached hereto as Exhibit A.  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

48. During the applicable statutory period, Plaintiff and the other similarly situated individuals regularly worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

49. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated

individuals to work excessive hours and failing to pay them overtime compensation despite their complaints to Defendant about the overtime.

50. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the entire putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant, and are readily identifiable through its records.

## NEW YORK RULE 23 CLASS ACTION ALLEGATIONS

51. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

52. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Count II individually and on behalf of the putative New York Rule 23 Class.

53. The class of employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the NYLL is defined as:

> All persons who worked as Care Managers, Utilization Management Nurses, Utilization Review Nurses, or other similar positions, who were paid a salary and treated as exempt from overtime laws, and were primarily responsible for performing medical necessity reviews for Defendant in New York at any time since six years prior to the filing of this Complaint through judgment.

54. The persons in the putative New York Rule 23 Class are so numerous that joinder of all members is impracticable. While the precise number has not been determined, Defendant, on information and belief, has employed at least 60 individuals as Care Managers, Utilization Management Nurses, Utilization Review Nurses, or similar job titles during the applicable statute

8

of limitations period. Plaintiff and the putative New York Rule 23 Class have been equally affected by Defendant's violations of law.

55. There are questions of law and fact common to the putative New York Rule 23 Class that predominate over any questions solely affecting individual members, including but not limited to the following:

    a. Whether Defendant violated New York law by failing to pay overtime wages;

    b. Whether Defendant violated New York law by failing to furnish all required pay information;

    c. The proper measure and calculation of damages; and

    d. Whether Defendant's actions were willful or in good faith.

56. Plaintiff's claims are typical of those members of the putative New York Rule 23 Class. Plaintiff, like other members of the putative New York Rule 23 Class, was subject to Defendant's practices and policies described in this Complaint. Further, Plaintiff's job duties are typical of the putative New York Rule 23 Class, as all class members are or were Care Managers, Utilization Management Nurses, Utilization Review Nurses, or similar job titles who were primarily responsible for performing medical necessity reviews.

57. Plaintiff will fairly and adequately protect the interests of the putative New York Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

58. The action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members. A class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the

financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

59. Plaintiff intends to send notice to all members of the putative New York Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(On Behalf of Plaintiff and the Putative FLSA Collective)**

60. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

61. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

62. At all relevant times, Defendant is, and has been, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

63. At all relevant times, Plaintiff and the other similarly situated individuals were qualified as employees under the FLSA, 29 U.S.C. § 203(e)(1).

64. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

65. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

66. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

67. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

68. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

### COUNT II – VIOLATION OF NEW YORK LABOR LAW
### FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiff and the Putative New York Rule 23 Class)

69. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

70. At all relevant times, Plaintiff and the members of the putative New York Rule 23 Class were employees within the meaning of NYLL § 651(5).

71. At all relevant times, Defendant was an employer within the meaning of NYLL § 651(6).

72. New York law requires Defendant to pay overtime compensation at a rate of not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty hours in a workweek. 12 N.Y.C.R.R. § 142-2.2.

73. Defendant, pursuant to its policies and practices, refused and failed to pay Plaintiff and the members of the putative New York Rule 23 Class overtime wages for hours worked over 40 per workweek.

74. New York's overtime regulations substantially incorporate and adopt the FLSA's overtime regulations.

75. Plaintiff and the members of the putative New York Rule 23 Class worked more than 40 hours for Defendant in one or more workweeks within the past six years, but due to Defendant's failure to pay them for all hours worked, they did not receive overtime pay for all hours worked in violation of 12 N.Y.C.R.R. § 142-2.2.

76. Defendant's actions were willful, and Defendant did not have a good faith basis to believe that its underpayment was in compliance with the law. *See* NYLL § 663(1).

77. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the members of the putative New York Rule 23 Class have suffered damages in an amount to be determined at trial.

78. Plaintiff and the members of the putative New York Rule 23 Class seek damages in the amount of their unpaid wages, liquidated damages, pre- and post-judgment interest, reasonable attorney's fees and costs of the action, and such other legal and equitable relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the putative FLSA Collective, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. Judgment that Defendant's violations were willful;

E. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

F. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

G. An award of attorneys' fees and costs incurred in prosecuting this action;

H. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, individually and on behalf of the putative New York Rule 23 Class, prays for relief as follows:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the putative New York Rule 23 Class, and the appointment of Plaintiff as the class representative and her counsel as class counsel;

B. Judgment against Defendant for violation of the overtime provisions of the NYLL;

C. Judgment that Defendant's violations were willful;

D.  An award of damages, liquidated damages, appropriate statutory penalties, pre-judgment and post-judgment interest, and attorneys' fees and costs to be paid by Defendant pursuant to New York law; and

E.  Such other relief as the Court may deem just and proper.

DATED: June 18, 2025

**NICHOLS KASTER, PLLP**

/s/ *Rachhana T. Srey*
Rachhana T. Srey, MN Bar No. 340133*
Caitlin L. Opperman, MN Bar No. 0399978*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com
copperman@nka.com

\* *Pro hac vice forthcoming*

**Attorneys for Plaintiff, the Putative FLSA Collective, and the Putative New York Rule 23 Class**