```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
FAY RUGGLES, individually and on behalf of all others              :
similarly situated,                                                :
                                                                   :
                                          Plaintiff,               :
                                                                   :
                        -v-                                        :
                                                                   :
EMBLEMHEALTH SERVICES COMPANY,                                     :
                                                                   :
                                          Defendant.               :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/02/2026

25-cv-5133 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Fay Ruggles ("Plaintiff" or "Ruggles") has sued Defendant EmblemHealth Services, LLC ("Defendant") for failure to pay required overtime pay under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207. Dkt. No. 1. Plaintiff seeks to represent a state-wide collective defined as "All persons who worked as Care Managers, Utilization Management Nurses, Utilization Review Nurses, or other similar positions who were paid a salary and treated as exempt from overtime laws, paid by salary, and were primarily responsible for performing medical necessity reviews for Defendant at any time since three years prior to the filing of this Complaint through judgment." *Id.* ¶ 46. Defendant has asserted a defense that Plaintiff was an "exempt" employee under FLSA. Dkt. No. 14 at 13. The parties have stipulated to conditional certification of this case under 29 U.S.C. § 216(b) without prejudice to the right of Defendant to later argue that Plaintiff and any opt-in plaintiffs are not similarly situated within the meaning of Section 216(b). Dkt. No. 25 ¶¶ 1–2. Twenty persons have filed consents to join this action under FLSA. Dkt. Nos. 29–33, 35–39.

The parties now raise with the Court a dispute with respect to the scope of discovery of the opt-in plaintiffs. Dkt. No. 40-1. The parties agree that any depositions of the opt-in plaintiff will be limited in time to four hours. *Id.* at 2. However, they disagree on the number of opt-in plaintiffs who will be subject to discovery. Plaintiff argues that Defendant should be permitted to take written discovery of fifty percent of the opt-in plaintiffs limited to fifteen requests for production and ten interrogatories and five requests for admission and to take the depositions of twenty-five percent of the opt-in plaintiffs. *Id.* at 3. Defendant argues that it should be permitted to take written discovery and depositions of all twenty opt-in plaintiffs. *Id.* at 5.

The Federal Rules of Civil Procedure set a presumptive limit of ten depositions per side, Fed. R. Civ. P. 30(a)(2)(A)(i), and twenty-five written interrogatories per party, Fed. R. Civ. P. 33(a)(1), However, the Court has discretion under Federal Rule of Civil Procedure 26(b)(1) to control the scope of discovery so that it is "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and authority under Federal Rule of Civil Procedure 26(b)(2) to control the number of depositions and interrogatories and requests for admission, Fed. R. Civ. P. 26(b)(2). The Court previously has laid out the considerations that it believes should govern the exercise of discretion when discovery is sought of opt-in plaintiffs after a collective action has been conditionally certified. The Court "'must balance the need for information, the information's importance in resolving the issues and the relief requested with the burden of discovery.'" *Mikityuk v. Cision US Inc.*, 2021 WL 5449606, at *2 (S.D.N.Y. Nov. 22, 2021) (quoting *Lloyd v. J.P. Morgan Chase & Co.*, 2015 WL 1283681, at *4 (S.D.N.Y. Mar. 20, 2015)). The Court considers: (1) the number of opt-ins; (2) the practicality of taking discovery from each opt-in; (3) the need for the information and its importance in resolving the issues presented by the case; and (4) the "purpose for which the discovery is sought, including whether it is sought to mount a 'scorched earth'

2

defense,  or is undertaken with the purpose or effect of harassment of absent class members or of altering the membership of the collective." *Id.* (internal citations and quotations omitted).

In *Mikityuk*, where plaintiff sought to represent a nationwide collective and there were three named plaintiffs and thirty-seven opt-in plaintiffs, the Court permitted defendant to take written discovery of all of the opt-in plaintiffs, *id.* at *3, but to take the depositions of fewer than fifty percent (*i.e.* fifteen) of the opt-in plaintiffs, *id.* at *4.

The Court is not convinced that any different result should follow here.  Defendant is entitled to serve requests for production, requests for admission, and interrogatories on the twenty opt-in plaintiffs directed to the FLSA claim.  Each of them was advised prior to filing a consent form that, if they joined the lawsuit, they could be subject to discovery.  Dkt. No. 24-1 at 4.  Such discovery may permit Defendant "to determine whether the opt-ins are 'similarly situated.'"  *Lloyd*, 2015 WL 1283681, at *2; *see also Forauer v. Vermont Country Store, Inc.*, 2014 WL 2612044, at *3 (D. Vt. June 11, 2014) (same).  "The size of the collective is not so large that the service of written discovery on all class members would be impracticable or overly burdensome."  *Mikityuk*, 2021 WL 5449606, at *3.  Defendant has not demonstrated at this stage of the case that the depositions of each of "the opt-ins is necessary or that the benefit of such depositions would not be substantially outweighed by the burden placed on the individual litigants and on the collective as a whole."  *Id.*  Defendant is entitled to take ten depositions of which nine may be of opt-in plaintiffs.  This order is without prejudice to the application of Defendants for an enlargement of the number of depositions based on a showing of good cause.

The parties' proposed deadlines for the filing of motions with respect to decertification of the collective and certification of a Rule 23 claims and for the filing of summary judgment motions are approved.

SO ORDERED.

Dated: January 2, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4